**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JUAN CARLOS GONZALEZ VALLECILLO,

Petitioner,

v.

TODD BLANCHE, *et al*.,

Respondents.

Case No. 2:26-cv-02636-RFB-NJK

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Juan Carlos Gonzalez Vallecillo's First Amended Petition for Writ of Habeas Corpus (ECF No. 10). Petitioner challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). Specifically, Petitioner argues his detention is unlawful under (i.) Jacobo-Ramirez v. Mullin, 834 F. Supp. 3d 1073 (D. Nev. 2026); (ii.) the Immigration and Nationality Act; and (iii.) the Due Process Clause of the Fifth Amendment. For the following reasons, the Court grants the Petition, awards Petitioner a writ of habeas corpus, and orders Respondents to immediately release him from ICE custody.

## I. FINDINGS OF FACT

The Court makes the following findings of fact based on the Parties' undisputed factual allegations in the existing record before the Court, and the evidence they supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950).

First, the Court finds Petitioner is a member of the Jacobo-Ramirez Class—a fact undisputed by all Parties. Petitioner has set forth sufficient facts indicating Class membership,[1] see

[1] The Jacobo-Ramirez certified class includes the following people:

First Am. Pet. for Writ of Habeas Corpus at 12–17, ECF No. 10 (September 30, 2026) [hereinafter, "Pet."], and, in their return, Federal Respondents, concede that Petitioner can only be detained under 8 U.S.C. § 1226(a), contesting only the relief Petitioner should be afforded, not Petitioner's class membership. See generally Fed. Resp'ts' Resp. to Pet., ECF No. 12 (October 14, 2026) [hereinafter, "Return"].

In addition, the Court finds Federal Respondents did not perform an initial custody determination as to Petitioner at the outset of his detention. Petitioner was taken into ICE custody on July 7, 2026—over four months ago. See Pet. at 15. Federal Respondents do not contest Petitioner's representation that he was not afforded a meaningful initial custody determination, nor a Form I-286. See Pet. at 15–17. Instead of offering evidence that Petitioner had an opportunity to demonstrate that he is neither a danger nor a flight risk to an officer, Respondents merely argue that there is no statutory requirement to issue the Form I-286 and that Petitioner cannot demonstrate prejudice from the lack of a Form I-286. See Return at 11–12. Thus, given Respondents' failure to indicate otherwise, combined with the fact that no Form I-286 was served, the Court finds that the agency did not afford Petitioner a meaningful initial custody determination where Petitioner was able to demonstrate that he was not a danger or a flight risk. See Reynoso v. Giurbino, 462 F.3d 1099, 1110 (9th Cir. 2006) (the state is "bound by its concessions").

## II. CONCLUSIONS OF LAW

As a member of the Jacobo-Ramirez Class, Petitioner is entitled to the relief afforded to the Class by this Court. In its March 2026 Order, this Court declared that class members "are not subject to detention under § 1225(b)(2)(A)"; instead, "they are subject to detention under 8 U.S.C. § 1226(a) and its implementing regulations," which supply a suite of procedural

---

All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States.

Jacobo-Ramirez, 834 F. Supp. 3d at 1089.

protections. See Jacobo-Ramirez, 834 F. Supp. 3d at 1123. Moreover, Federal Respondents (and this Court) are obligated to abide the Ninth Circuit's binding judgment in Rodriguez Vazquez v. Bostock, which explicitly rejected the government's interpretation of § 1225(b)(2)(A) and held that noncitizens like Petitioner fall within the detention regime set out in § 1226, not § 1225(b)(2)(A). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) ("[W]e conclude that [noncitizens] present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). As Federal Respondents appear to concede that the only lawful basis for detaining Petitioner is § 1226(a), see Return at 7, Petitioner's arrest and ongoing detention without the full suite of procedural protections guaranteed by § 1226(a) and its implementing regulations are unlawful under the Immigration and Nationality Act ("INA"), this Court's declaratory judgment/vacatur, and the law of this circuit.

For reasons articulated in Rios-Rodriguez v. Blanche et al., No. 2:26-CV-02117-RFB-MDC, 2026 WL 2280924 (D. Nev. Aug. 7, 2026), which are incorporated by reference herein, the Court finds that Petitioner must be released from government custody. The government's failure to perform a *proper* initial custody determination and issue a Form I-286 as to Petitioner runs afoul of § 1226(a) and its implementing regulations, as well as this Court's declaratory judgment. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196–97 (9th Cir. 2022); Jacobo-Ramirez, 834 F. Supp. 3d at 1123.; Rios-Rodriguez, 2026 WL 2280924 at *2–3.

The Court further finds Petitioner is entitled to the procedures afforded under § 1226(a) not merely by statute and regulation, but by the Due Process Clause of the Fifth Amendment. For the reasons articulated in this Court's order in Rios-Rodriguez, which the Court incorporates by reference as if fully set forth herein, the Court finds Petitioner's detention without the full suite of procedural protections guaranteed by § 1226(a) and its implementing regulations violates Petitioner's substantive and procedural due process rights. See Rios-Rodriguez, 2026 WL 2280924 at *3–9. Specifically, the Court found that the Form I-286 was not merely a path to review by an immigration judge, as Respondents contend. See Return at 11. Rather, the initial custody determination contemplated by 8 C.F.R. § 236.1 requires an opportunity for a noncitizen to

demonstrate that they are not a danger or a flight risk—*i.e.*, an opportunity to be heard by the arresting officer. 8 C.F.R. § 236.1(8). Subsequent review of a decision that did not occur, combined with the lack of notice of that decision and the bases for it, cannot comport with due process. See Rodriguez Juarez v. Blanche, et al., No. 2:26-CV-03073-RFB-DJA, 2026 WL 3168077, at *3–9 (D. Nev. Oct. 21, 2026); Sandoval Audeves v. Blanche, No. 2:26-CV-02063-MMD-MDC, 2026 WL 3026502, at *1–4 (D. Nev. Oct. 8, 2026).

Respondents have asserted that this Court must dismiss the Petition because Petitioner has not exhausted his administrative remedies, and that this Court does not have jurisdiction to review the agency's discretionary custody determination under 8 U.S.C. § 1226(e). See generally Return. To be clear, the Court does not construe the Petition as an appeal of the bond decision, nor does it rule on it as such.[2] Rather, the Court addresses the Petition's challenges to the legality of Petitioner's detention under Respondents' unlawful, now-vacated, mandatory detention policy, failure to fully comply with 8 U.S.C. § 1226(a) and its implementing regulations, and their violations of Petitioner's due process rights through the deprivation of necessary procedural protections. See generally Pet. As such, neither of Respondents' arguments is persuasive.

First, the exhaustion requirement is prudential, not jurisdictional. See Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017). A court may require prudential exhaustion if: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007). The Court finds that none of the Puga factors are met: ICE's failure to provide Petitioner with necessary pre-deprivation procedures has both marred the record and denied Petitioner a meaningful opportunity to utilize the administrative scheme. Further review by the agency cannot correct the statutory and due process violations—both purely legal questions within a federal court's purview—arising from Petitioner's initially unlawful arrest and detention.

Additionally, the Court may waive prudential exhaustion if "administrative remedies are

[2] To the extent Petitioner raises these arguments, the Court finds that it need not reach them. See Pet. at 17–21.

inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004). Here, not only would administrative remedies be inadequate and ineffective to cure Petitioner's lack of pre-deprivation procedures, but exhaustion would also be futile for the reasons set forth in this Court's Order in Doroteo-Chavez v. Noem, Case No. 2:26-cv-00049-RFB-DJA, 2026 WL 1031190 (D. Nev. Apr. 16, 2026), which are incorporated by reference in full herein. Furthermore, Petitioner's continued wrongful detention will result in irreparable injury. See Quintana Chagolla v. Mattos, No. 2:25CV02435-MMD-EJY, 2026 WL 524228, at *3 n.2 (D. Nev. Feb. 25, 2026) (citing Hernandez, 872 F.3d at 999). Thus, because Petitioner's challenge lies "outside the BIA's ken[,]" would otherwise be futile, and would result in irreparable injury, the Court concludes exhaustion is not warranted. Sola v. Holder, 720 F.3d 1134, 1135 (9th Cir. 2013) (*per curiam*).

Next, 8 U.S.C. § 1226(e) does not deprive the Court of jurisdiction over this matter. As this Court explained in Maldonado Vazquez v. Feeley, 805 F. Supp. 3d 1112, 1133 (D. Nev. 2025), which is incorporated by reference in full herein, the Petition does not challenge any discretionary decision. Rather, Petitioner is bringing a constitutional challenge to the government's authority to detain him without meaningful notice and opportunity to be heard under the procedures mandated by 8 U.S.C. § 1226(a) and its implementing regulations—in other words, Respondents' failure to provide "guarantee[d] procedural safeguards" and "adequate procedures for contesting detention." Mathews v. Eldridge, 424 U.S. 319, 333 (1976); Rodriguez Diaz v. Garland, 53 F.4th 1189, 1209 (9th Cir. 2022). Accordingly, Petitioner's challenge to "the extent of the Government's detention authority under the 'statutory framework' as a whole" does not implicate § 1226(e). Jennings v. Rodriguez, 583 U.S. 281, 295 (2018). The Court thus concludes 8 U.S.C. § 1226(e) does not bar consideration of the Petition.

Therefore, the Court finds Petitioner's detention has been unlawful under both the INA and the Due Process Clause from the moment it began, and immediate release—"the typical remedy"

for "unlawful executive detention"—is appropriate here.[3] See Munaf v. Geren, 553 U.S. 674, 693 (2008). Additionally, the Court finds that it must adopt equitable remedies to ensure that Federal Respondents abide by due process moving forward. Cf. U.S. v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (describing the broad, flexible power federal courts possess to fashion equitable relief in the context of habeas corpus proceedings). Here, the Court finds it appropriate to require that, in the event DHS seeks to (re)detain Petitioner under § 1226(a), Federal Respondents must provide him with *a pre-deprivation* bond hearing wherein the government must prove, by clear and convincing evidence, that detention is appropriate. See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024) (citation omitted) (reviewing EOIR's compliance with a district court's conditional writ, which ordered EOIR to conduct a bond hearing—as a matter of due process—where the government was required to "show by clear and convincing evidence that the detainee presents a flight risk or a danger to the community."); Gonzalez-Juarez v. Bondi, 137 F.4th 996, 1003 (9th Cir. 2025) (describing Martinez). While the Court does not take this step lightly, it finds it is necessary because of Federal Respondents' egregious violations of the law and Petitioner's rights to date.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents must **RELEASE** Petitioner from detention on his personal recognizance on **November 24, 2026**, between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioner (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window. Counsel for Petitioner (or their designee/agent) will be permitted to meet with Petitioner to properly arrange for Petitioner's departure from the facility.

---

[3] Moreover, the Court finds that, to the extent Respondents have afforded Petitioner *some* procedures associated with § 1226, it is clear from the record that Respondents have admittedly not complied with the regulations in full, as required by the statute, its implementing regulations, and this Court's declaratory judgment. See Jacobo-Ramirez, 834 F. Supp. 3d at 1120; see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1201–1202 (9th Cir. 2022). In addition, immediate release is particularly appropriate given Respondents' lengthy history of non-compliance and defiance in similar cases. See Rios-Rodriguez, 2026 WL 2280924 at *9–12.

**IT IS FURTHER ORDERED** Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing. If Federal Respondents impose release conditions in violation of this Order, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents must return Petitioner's personal property, including any personal identification and employment authorization documents, **UPON HIS RELEASE**. If Federal Respondents fail to do so, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents may not re-detain Petitioner during the pendency of his current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under the INA and its implementing regulations. To the extent the government seeks to detain Petitioner under 8 U.S.C. § 1226(a), it bears the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED** the Parties must file a **JOINT STATUS REPORT** by **November 25, 2026**, confirming Respondents' compliance with this Order, including: (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

**DATED:** November 23, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**